UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSIE ZAPPE, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civ. No. C-08-369 |
| | § | |
| Medtronic USA, Inc., et al., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION**

The plaintiffs have filed a motion for a protective order (D.E. 14). Specifically, the plaintiffs wish to include a provision that would allow their counsel to share the defendants' confidential documents with other similarly situated litigants and to retain the documents after the close of litigation. In support of this motion, the plaintiffs rely heavily upon *Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987). In *Garcia*, the Texas Supreme Court held that a trial court abused its discretion by prohibiting the sharing of privileged information with other litigants.

However, a much more recent case form the Texas Supreme Court indicates that an acceptable protective order may restrict the dissemination of documents to parties involved in the litigation. In *Continental General Tire*, the Texas Supreme Court described an order that limited access to the information to "the parties in this lawsuit, their lawyers, consultants, investigators, experts and other necessary persons" as an appropriate protective order. *In re Continental General Tire, Inc.*, 979 S.W.2d 609, 613 n.3 (Tex. 1998). Additionally, in *Scott*,

the Fifth Circuit upheld a protective order that restricted the use of the discovery materials to "the plaintiffs, their representatives, their counsel, and their experts or consultants." *Scott v. Monsanto*, 868 S.W.2d 786, 792 (Tex. 1989).

Furthermore, it is important to note that the defendant in *Garcia*, the General Motors Corporation, failed to submit any affidavits in support of its motion. *See Garcia*, 734 S.W.2d at 348. Indeed, the Court in *Garcia* stated that there is no reason to believe that GMC would be harmed by the release of their information to other litigants. *Id.* In contrast, the defendants in the present litigation have filed an affidavit supporting the argument that the uncontrolled dissemination of their confidential information could harm their business practice.

Therefore, based on the fact that the defendants have shown good cause for the issuance of a protective order that restricts the sharing of discovery, the Court DENIES the plaintiffs' motion for a protective order (D.E. 14).

ORDERED this 23rd day of March, 2009.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE